

# IN THE SUPERIOR COURT OF GUAM

**CIVIL CASE NO. CV0209-04**

DOROTHEA QUICHOCHO, MERLYNA )
W. SMITH, in their individual capacities )
and as representatives of a class consisting )
of all persons similarly situated, )
                              )
                   Plaintiffs, )
        Vs. )
                              )
MACY'S DEPARTMENT STORES, INC., )
fka MACY'S WEST, INC., and DOES I- )
XV, )
                              )
                Defendants. )
_____ )

**ORDER**

This matter came before the HONORABLE VERNON P. PEREZ November 14, 2011. Plaintiffs were represented by attorney Thomas Tarpley. Neither named Plaintiff was present. Defendant Macy's was represented by attorney Seth Forman. Having reviewed the pleadings and the arguments presented, the Court now issues the following Order.

## BACKGROUND

This case concerns Guam's Gross Receipts Tax (hereinafter "GRT"). Guam's GRT, and gross receipt taxes in general, are periodically levied at a set percentage upon businesses every fiscal quarter based on their gross receipts from that quarter. Normally, the burden of a receipt tax is passed on to customers by businesses, who adjust their prices upward to account for the portion of their monthly receipts which they know they will have to forfeit under the GRT. See *Quichocho v. Macy's* 2008 Guam 9 at ¶ 2 (2008). The issues at trial in this case are several actions taken by Macy's in its Dededo branch, beginning in February of 2004, in response to changes in the laws governing the GRT during 2003 and 2004. *Id.*

*Quichocho and similarly situated v. Macy's*
Order
Civil Case No. CV0209-04            - Page 1 of 9 -

In 2003 the Guam Legislature passed a law temporarily increasing the GRT levied on businesses from 4% to 6% of quarterly gross receipts. See Guam Public Law 27-05:V:6. In November of 2003 the Legislature passed another law related to implementation of the GRT; Guam Public Law 27-41. Guam Public Law 27-41 added the following subsection to 11 G.C.A. § 26201, which governs the levy of the GRT: "(b) A person engaging in, transacting, conducting, continuing, doing, or carrying on a business in Guam, who is required to pay taxes levied by this Chapter and opts to show to each customer the amount that will be transmitted to the government of Guam as a result of the customer's transaction, may exclude GRT reimbursement collected from the measure of taxable gross receipts."

Pursuant to these enactments by the Legislature, Macy's implemented a new pricing policy on February 1, 2004. Prior to this date Macy's policy was to charge customers the price marked on its products on the shelf, what has been described in this case as "sticker price", and subsequently to remit the GRT percentage of that sticker price to the Department of Revenue and Taxation. After February 1, 2004 Macy's policy was changed so that customers were charged (1) full sticker price, and also (2) an additional 6% percent on top of the sticker price which was added at the cash register. See *Quinchocho* at ¶ 3. Macy's announced this policy change in a January 2004 press release and posted signs indicating the new policy at store entrances and cash registers. *Id.*

On February 18, 2004 the Attorney General of Guam issued AGO 04-0215 which discussed the legality and propriety of Macy's new policy and several other policies implemented by retailers on Guam in response to the enactment of GPL 27-41. The Attorney General opined that "the Macy's example complained of, where a 'stateside price' is posted on the goods and the GRT added at checkout, is a violation of [11] GCA § 26115". The opinion

when entering the store". *Id.* at ¶ 4. Defendant Macy's (hereinafter "Macy's") altered the signage concerning the new policy on February 12, 2004, but left the new policy in place. *Id.* at ¶ 5. This lawsuit was filed February 26, 2004, premised on Macy's alleged violation of 11 GCA § 26115 and other Guam statutes. (See Class Action for Damages, Restitution, Disgorgement, Injunctive Relief, and Demand for Jury Trial at pg. 4) Ms. Quichocho entered a declaration stating that she purchased items from Macy's during the time frame specified by the Plaintiffs and that she was charged additional GRT at the register. (See Quichocho Declaration (filed July 20, 2004) at pgs. 1-2; see also Plaintiffs' Reply to Macy's Opposition for Certification of Class (filed August 25, 2004))

Subsequent to the filing of this lawsuit, Macy's kept the new policy in place while continually revising disclaimers both within the store and in advertisements dispersed around the island. *Id.* at ¶ 7-8. Assistant Attorney General Charles Troutman wrote a letter to Macy's counsel on November 24, 2004 opining that Macy's current disclaimer procedures were "acceptable". *Id.* at ¶ 9. Meanwhile, the Plaintiffs added Ms. Smith as a second named Plaintiff and amended their complaint to include a count for violation of Guam's Deceptive Trade Practice – Consumer Protection Act (hereafter DTP-CPA). *Id.* at ¶ 10

On September 21, 2004 Judge Steven Unpingco denied two motions to dismiss filed by Macy's and by another defendant (ABC) no longer party to this lawsuit. (See Decision and Order of September 21, 2004 at pg. 7) In his Decision and Order Judge Unpingco disallowed any claim arising directly from violations of 11 G.C.A. § 26115, but stated that any potential violation of 11 G.C.A. § 26115 could be used as evidence to support a Plaintiffs' claim of restitution on an unjust enrichment theory or any other common law cause of action. (See Decision and Order at pgs. 5-6)

On April 17, 2007, Judge Katherine A. Maraman granted (1) Macy's's Motion to Dismiss the DTP-CPA claim of Plaintiff Quichocho's Second Amended Complaint with leave to amend and (2) Macy's's Motion to Dismiss Plaintiff Quichocho's unjust enrichment claim without leave to amend. (See Decision and Order of April 17, 2007 at pg. 11) Final Judgment was entered on July 11, 2007; Plaintiffs filed a timely notice of appeal on July 31, 2007. On June 27, 2008 the Guam Supreme Court returned a decision on the appeal; *Quichocho v. Macy's* 2008 Guam 9 (2008). Both previous rulings by Judge Maraman were reversed and the case was remanded for further proceedings consistent with the Supreme Court's opinion. (See *Quichocho* at ¶ 58)

On April 20, 2009 the Plaintiffs filed a Fourth Amended Class Action Complaint, which Macy's answered on April 23. Trial on this matter occurred March 31, 2011. Judgment was found in favor of Plaintiffs on both the claims for unjust enrichment and under the Consumer Protection Act. Now, the Court is in post-judgment and the following issues will be addressed as well as Plaintiffs' Motion for Entry of Judgment.

## DISCUSSION

### I. Prejudgment Interest

This Court reserved on several issues because those issues would be moot under different circumstances. Plaintiffs argue that prejudgment interest should be included in the award because Macy's benefited by the improper taxing during the pendency of this case. Macy's argues that it acted in good faith and prejudgment interest would be an unjust penalty. This Court will not impose pre-judgment interest as it finds Macy's argument convincing.[1]

---

[1] Courts will impose pre-judgment interest where defendants engage in intentional behavior. *Bank of America National Trust & Savings Association v. Ryan*, 207 Cal. App. 2d 698, 702-03(1962).

Macy's relied on the opinion of the Attorney General and should not be penalized further for its unjust enrichment. As explained in the Findings of Fact and Conclusions of Law filed on September 16, 2011, this Court will not impose pre-judgment interest.

## II. Attorney Fees

This Court also reserved on the issue of attorney's fees for class counsel. As it stands, the issue is not moot and this Court must determine the reasonable attorney's fees because the Parties are unable to make that determination. Plaintiffs argue for 25% of the total award under the Common Fund Doctrine. Plaintiffs contend that the benchmark percentage is appropriate here because class counsel was never able to communicate an appropriate fee arrangement as the class size is much too large.

Macy's argues for attorney fees as provided by 7 GCA § 26601. Macy's furthers its contention by citing cases that have awarded significantly lower percentages in cases involving greater awards. Macy's also contends that class counsel did not make the arrangement with the class at the inception of this case, thus barring a 20-30% contingency fee.

The Court finds the Common Fund Doctrine to be suitable in the present matter. First and foremost, a 25% contingency fee is appropriate generally. Secondly, for the amount of work involved in this case, this Court is confident that 25% is appropriate and reasonable. 7 GCA § 26601 governs attorney's fees in personal injury and death cases. This matter does not involve damages from personal injury or death and thus 7 GCA § 26601 does not limit the attorney's fees in this case. Furthermore, the class size is vast and a mutually agreeable fee arrangement would be hard to obtain. Here, the Court shall award 25% of the total award to class counsel as attorney's fees. The Court will only award the contingent fee of 25% and not hourly fees in addition to that sum. The 25% will be taken from the entire award regardless if

any of the award reverts back to the Macy's. *See Van Gemert v. Boeing Co.*, 739 F.2d 730 (2d Cir. 1984). The Court understands that 5 GCA § 32109 allows recovery of reasonable attorney's fees and, here, this Court orders that the 25% be taken from entire fund regardless of whether or not reversion of surplus funds occurs. *Id.* This Court earlier decided that the entire fund should amount to $3,449,896.00 as restitution as parties have stipulated to this fact. Stipulations for Trial ¶33; Findings of Fact and Conclusions of Law at 18. Class counsel will be paid 25% of this amount and each individual claim shall reflect a 25% smaller award.

### III. Surplus Funds

The Court also reserved on the issue of what do with unclaimed funds. Plaintiffs ask that the Cy Pres Doctrine be applied to prevent Macy's from recouping the award that goes unclaimed. Plaintiffs would like the Court to order Macy's turn over the entire award to a Consumer Protection Fund so that Macy's does not benefit from its improper taxing of customers. Macy's argues that it should only be ordered to pay out an amount equal to verifiable claims actually made by consumers.

The Court finds that because the class is not entirely identified, it would be an injustice to order any amount be paid without finding a party that should be awarded. Certainly, some consumers shopped more than once at Macy's over the years of the illegal tax. Some unidentified Plaintiffs could be eligible to obtain a much higher award depending on the amount of purchases and size of purchases. Therefore, the Court must ensure that claims made are actually owed through some showing of cognizable evidence before paying out the award aimlessly. The method in which unclaimed and surplus funds are dealt with is determined to be within the discretion of the Court. *California v. Levi Strauss,* 224 Cal. Rptr. 605, 606 (1986). Reversion of the unclaimed award to Macy's is a reasonable alternative. Finally, Macy's should

not be required "to pay more than the amount claimed." *Van Gemert* at 736-37. Thus, the Court will now order that any funds not claimed within three years of final judgment in this case shall be returned.

**IV. Notice to Non-Named Plaintiffs and Degree of Proof Non-Named Plaintiffs Need**

**V. Show**

Another issue reserved by this Court relates to the notice to non-named Plaintiffs and the proof they need show to recover on a claim to the fund. The Court will require the most encompassing notice procedures available to the Court. Macy's will return payment to each individual named in records of all credit card purchases during the times of the illegal tax. Notice of the opportunity to make a claim shall be posted in at least one newspaper for the next eighteen(18) months. *In re Exxon Valdez*, 289 Fed. Appc. 204, 205-06 (9th Cir. 2008). The notice in the paper must run for at least one day each month during those eighteen (18) months and shall be a quarter page. Any other reasonable method to notify unnamed Plaintiffs available to Macy's shall be used in addition to the above notices required by this Court.

As to degree of proof, the non-named Plaintiffs must show, reasonable and quality evidence indicating a purchase made at Macy's during the time of the illegal tax. All notices to the public regarding the availability to make a claim shall state the requirement of proof via: receipt, credit card or debit card statement, or a canceled check payable to Macy's. This degree of proof does not preclude the possibility that a claimant show proof of a viable claim through some other reasonable and quality evidence. Any record within the Parties control indicating that a Plaintiff exists by name shall be enough to warrant payment. As to currently active credit card account holders with current Guam addresses, the Court finds Macy's proposal proper. Macy's will notify said account holders and reimburse a credit to the account. If the credit

exceeds the balance remaining on the Macy's Credit Account, the account holder may elect between the receipt of a check in the amount of the credit or have it carried over on the account for future use.

The Court will also require Macy's to retain an administrator to administer the claims as they come in. Parties will work together to see that the Court does not have to become a watchdog over the claims process but the Court will resolve any dispute, if need be, arising over any amount to be paid per claimant or issues arising over documentation. The final details of the notice and distribution plan will be approved by the Court after its review of said plan.

## VI. Motion for Entry of Judgment

As to Plaintiffs' Motion for Entry of Judgment, the Court will reserve on final judgment until after all issues are decided. This Order resolves all apparent remaining issues and judgment shall be handed out at some time in the near future.

/ /

/ /

## CONCLUSION

For the foregoing reasons, the Court ORDERS that the Motion for Entry of Judgment is DENIED and that the various orders designated in the above discussion be fully implemented. Three years from the date of final judgment in this matter, the surplus funds will remain with Macy's though reversion. Macy's will be allowed to make payment of individual claims out of its general assets and will not be required to maintain a fund for the award. The Court will also require that Macy's be very open to working with the Plaintifs' Attorney during the distribution of claims. To ensure that class counsel is paid, payment shall be made to class counsel in the amount of 25% of $3,449,896.00, which is $862,474.00, as soon as reasonably possible.

So **ORDERED** this 6th day of June, 2012.

Original Signed by
HON. VERNON P. PEREZ
_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

JUN 0 6 2012
_____20___
Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam